# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
## COURT FILE NO.  17-CR-251 (ADM/HB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S POSITION** |
| | ) | **REGARDING SENTENCING** |
| Chris Maurice Welch, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Chris Maurice Welch, through his undersigned attorney and pursuant to USSG § 6A1.2, and local Rule 83.10, submits his Position Regarding Sentencing.

## INTRODUCTION

Chris Maurice Welch comes before the Court for sentencing after a jury found him guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  The probation officer determined the advisory guideline range to be 262-327 months based upon a total offense level 34 and a criminal history category VI.  The probation officer determined that the Armed Career Criminal Act's ("ACCA") mandatory minimum sentencing enhancement applied to Mr. Welch's conviction.

Mr. Welch objects to the Presentencing Report, challenges his classification as an armed career criminal, and requests that he be sentenced to a term of 70 months.  In the event that the Court determines that Mr. Welch is subject to the

ACCA sentencing enhancement, Mr. Welch requests that the Court impose the mandatory minimum sentence of 180 months.

## I.   OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

The jury verdict was returned on March 6, 2018.  On April 20, 2018, the preliminary presentence report was forwarded to the parties.  On May 18, 2018, Mr. Welch's trial counsel submitted objections, clarifications, and requested changes to the preliminary presentence report.  On June 11, 2018, the final presentence investigation report was forwarded to the parties.  On August 5, 2018, the Court appointed the undersigned counsel. (ECF 101.)  On September 25, 2018, Mr. Welch submitted additional objections, clarification, and requested changes attached hereto as Exhibit 1.  Mr. Welch requests that the Court order the probation officer to update the presentence investigation report to reflect Mr. Welch's additional objections.

### a.   Offense Conduct and Criminal History Objections

Mr. Welch objects to the March 27, 2017, allegations made by the alleged informant.  PSR ¶ 5.  The informant failed to testify at trial and no information was given regarding the informant's identity.  The description of the person the informant allegedly saw was of medium build and had a medium afro.  Neither one of these traits fit the description of Mr. Welch.  The informant's allegations are unsubstantiated, unreliable, and not relevant to the offense of conviction or the

guideline calculation in this case.   Mr. Welch requests that these allegations be removed from the presentence investigation report.

Mr. Welch objects to the probation officer's interpretation of a recorded jail call on March 27, 2018.   PSR ¶ 11.   The transcript of this call included in the presentence investigation report speaks for itself and does not support the probation officer's characterization that Mr. Welch directed Ms. FB to "clean the garage."   Mr. Welch did not direct Ms. FB or anyone else to destroy or conceal evidence that is material to this investigation.   Mr. Welch requests that the probation officer's interpretation of the jail call be removed from the presentence investigation report.

Mr. Welch objects to the probation officer's assumption that he was in possession of a sawed off shotgun with a 13.5 inch barrel.   PSR ¶ 14.   The jury did not find, beyond a reasonable doubt, that Mr. Welch possessed any weapon, other than the Ruger .22 pistol named in the indictment.   Additionally, although Mr. Welch could not be excluded as a contributor to the DNA found on the Ruger .22 pistol named in the indictment, he was specifically excluded from contributing DNA to the Magnum Research pistol and the DNA recovered from the other firearms was inconclusive.   Mr. Welch requests that this allegation be removed from the presentence investigation report.

Mr. Welch objects to the inclusion of all information relating to the events of April 27, 2017. PSR ¶ 26.   These allegations are unsubstantiated, denied by Mr.

Welch, and irrelevant to the offense at issue. Mr. Welch requests that these allegations be removed from the presentence investigation report.

Mr. Welch objects to the claim that "photographs recovered from the defendant's cell phone matched the aforementioned firearm" in relation to the allegations of September 28, 2009. PSR ¶ 96. Mr. Welch submits that information is false and requests that this allegation be removed from the presentence investigation report.

Mr. Welch objects to the inclusion of the allegations related to June 27, 2017. PSR ¶ 117. Mr. Welch denies all the allegations in this paragraph. These charges were dismissed July 31, 2018. (Exhibit 1, Register of Actions Case No. 02-CR-17-2830.) Mr. Welch requests that these allegations be removed from the presentence investigation report.

**b.     Guideline Calculation Objections**

Mr. Welch objects to the probation officer's calculation of his offense level. PSR ¶¶ 22, 23, 25, 39, 45.   Mr. Welch submits that his base offense level should be 20.  USSG §2K2.1.

Mr. Welch objects to the inclusion of his conviction for First Degree Aggravated Robbery and his conviction for Second Degree Assault as a "crime of violence" for purposes of enhancing his base offense level under 18 U.S.C. § 924(e) and USSG § 4B1.4.  PSR ¶¶ 14, 23, 43, 45, 85.

4

Mr. Welch objects to the 2-level enhancement of USSG § 2K2.1(b)(1)(A) as the jury found Mr. Welch guilty of possessing <u>only</u> the Ruger .22 pistol.  PSR ¶ 15. Mr. Welch objects to the 2-level enhancement of USSG § 2K2.1(b)(3)(B) because the jury found Mr. Welch guilty of possessing <u>only</u> the Ruger .22 pistol.  PSR ¶ 16. Mr. Welch objects to the enhancement of USSG § 2K2.1(b)(4) because the jury found Mr. Welch guilty of possessing <u>only</u> the Ruger .22 pistol.  PSR  ¶ 17.

As properly calculated, Mr. Welch's offense level should be 20.  With a criminal history category VI, the guideline range should be 70-87 months.

## II.   MR. WELCH IS NOT SUBJECT TO SENTENCING AS AN ARMED CAREER CRIMINAL

The statutory maximum sentence for being a felon in possession of a firearm is 120 months imprisonment.  18 U.S.C. § 924(a)(2).  Under the ACCA, however, a felon who possesses a firearm and who has three previous convictions "for a violent felony or a serious drug offense, or both," shall be "imprisoned not less than 15 years."  18 U.S.C. § 924(e)(1).  The presentence investigation report determined that Mr. Welch has the following prior convictions as predicate offenses for purposes of the ACCA:

- First Degree Aggravated Robbery, Minn. Stat. §  609.245, Subd. 1 Hennepin County 11/26/2001
- Second Degree Assault, Minn. Stat. § 609.222, Subd. 1 Hennepin County 7/21/2005
- Third Degree Drugs Sale, Minn. Stat. § 152.023, Subd. 1 Stearns County 3/29/2010

DMNORTH #6621746 v1

The ACCA defines a "violent felony" as:

> Any crime punishable by imprisonment for a term exceeding one year…that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924(e)(1)(B).

Mr. Welch's prior convictions are not within the list of enumerated offenses under § 924(e)(1)(B)(ii).  Therefore, the government must show that Mr. Welch's predicate offenses have as "an element the use, attempted use or threatened use of physical force."[1]

The Court applies the categorical approach to analyze whether an offense qualifies as a "violent felony" under the ACCA.  *Welch v. United States*, 136 S.Ct. 1257, 1262 (2016).  Under the categorical approach, the Court must assess the elements of the statute under which the defendant was convicted, not the facts underlying the conviction.  *Mathis v. United States*, 136 S.Ct. 2243, 2253 (2016).  If the "least of the acts criminalized" by statute does not have as an element the actual, attempted or threatened use of force capable of causing physical pain or injury, the offense is not a violent felony within the meaning of the elements clause of the

---

[1] In *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015) the Supreme Court held that the residual clause "…invol[ing] conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague.

DMNORTH #6621746 v1

ACCA. *Moncrieffe v. Holder*, 133 S.Ct. 1678, 1684 (2013); *United States v. Bell*, 840 F.3d 963 (8th Cir. 2016).

> ### a.   Mr. Welch's Conviction for First Degree Aggravated Robbery is not a "Violent Felony"

First Degree Aggravated Robbery under Minnesota law is not a violent felony because simple robbery under Minnesota law does not require a violent degree of force and because first degree aggravated robbery is categorically not a violent felony.

Minnesota's First Degree Aggravated Robbery Statute provides:

> Whoever, while committing a robbery, is armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or inflicts bodily harm upon another, is guilty of aggravated robbery in the first degree…

Minn. Sat. § 609.245, Subd. 1.

Minnesota defines a "robbery" or "simple robbery" as:

> Whoever, having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence, in the taking or carrying away of the property is guilty of robbery…

Minn. Stat. § 609.24.

DMNORTH #6621746 v1

Mr. Welch submits that the level of "force" required to commit a simple robbery under Minnesota law does not rise to the level of "physical force" required for a crime to be a violent felony under the ACCA.

Mr. Welch is aware of the Eighth Circuit's decision in *United States v. Libby*, 880 F.3d 1011 (8th Cir. 2018). The panel in *Libby* held that First Degree Aggravated Robbery in Minnesota includes the offense of Simple Robbery and that Simple Robbery in Minnesota was a "violent felony." *Id.* at 1015-16. Mr. Welch maintains his challenge here because he submits that *Libby* was wrongly decided and to preserve his argument for possible appellate review and as such maintains, despite the *Libby* decision, that First Degree Aggravated Robbery in Minnesota does not qualify as a "violent felony" under the ACCA.

The United States Supreme Court has granted a Petition for Writ of Certiorari in *Stokeling v. United States*, ___ S. Ct. ___, 2018 WL 1568030 (Apr. 2, 2018). The question before the high court is this: Is a state robbery offense that includes "as an element" the common law requirement of overcoming "victim resistance" categorically a "violent felony" under the ACCA if the offense has been specifically interpreted by state appellate courts to require only slight force to overcome resistance? *See Stokeling v. United States*, Petition for Writ of Certiorari at ii, 2017 WL 8686116 (Aug. 4, 2017). The Supreme Court's ultimate decision in *Stokeling* may well alter the *Libby* ruling. As such, Mr. Welch is preserving his argument.

8

### b.     Mr. Welch's Conviction for Second Degree Assault Is Not A "Violent Felony"

Minnesota's Second Degree Assault Statute provides:

> Whoever assaults another with a dangerous weapon may be sentenced to imprisonment for not more than seven years or to payment of a fine of not more than $14,000, or both.

Minn Stat. § 609.222, Subd. 1.

Minnesota law denies "Assault" as: "(1) an act done with intent to cause fear in another of immediate bodily harm or death; or (2) the intentional infliction of or attempt to inflict bodily harm upon another."  Minn. Stat. § 609.02, Subd. 10.  Bodily harm is defined as "physical pain or injury, illness, or any impairment of physical condition."  Minn. Stat. § 609.02, Subd. 7.

Mr. Welch submits that his conviction for second degree assault does not qualify as a crime of violence because the statute does not require the defendant to cause bodily harm but only fear of bodily harm and, therefore, it does not categorically require the use, attempted use or threatened use of physical harm.

Mr. Welch is aware of the Eighth Circuit's prior decisions in *United State v. Norton*, 733 Fed. Appx. 866 (Aug. 9, 2018); *United States v. Pendleton*, 894 F.3d 978 (8th Cir. 2018); *United States v. Headbird*, 832 F.3d 844, 846-47 (8th Cir. 2016); and *United States v. Lindsey*, 827 F.3d 733, 738-40 (8th Cir. 2016).  Mr. Welch maintains his challenge here because he submits these cases were wrongly decided

and to preserve his argument for possible appellate review.  As such, Mr. Welch maintains that the Minnesota Second Degree Assault statute does not qualify as a "violent felony" under the ACCA.

Therefore, Mr. Welch submits that he is not subject to the ACCA 15 year mandatory minimum enhancement and, as such, the maximum statutory sentence imposed cannot exceed 120 months.  18 U.S.C. § 924(a)(2).

## III.  MR. WELCH REQUESTS THAT THE COURT SENTENCE HIM TO A TERM OF 70 MONTHS

A sentence of 70 months, the low end of the guideline range as calculated based upon Mr. Welch's objections, or a 180-month sentence if the Court determines that Mr. Welch is subject to the ACCA sentencing enhancement, is sufficient but not greater than necessary to accomplish the goals of sentencing established in 18 U.S.C. § 3553(a).

This Court is to "impose a sentence sufficient but not greater than necessary" to accomplish the goals of sentencing.  18 U.S.C. § 3553(a).  The sentencing guidelines are not mandatory on sentencing courts but advisory only.  *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007).  A sentence within the guideline range specified by the sentencing guidelines is not to be presumed reasonable. *Nelson v. United States*, 555 US 719, 723, 129 S. Ct. 890, 892 (2009).

When calculating an appropriate sentence, this Court considers the nature of the offense; the history and characteristics of the defendant; the need to promote

respect for the law and afford adequate deterrence; the need to provide just punishment; the need to protect the public from further criminal conduct; the need to provide the defendant with educational or vocational training, medical care, or other corrective treatment in the most effective manner; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a); *Gall*, 552 U.S. at 49-50, 128 S. Ct. at 596-97.

In this case, a sentence of 70 months, or 180 months if the Court determines that Mr. Welch is subject to the ACCA sentencing enhancement, would appropriately recognize the history and characteristics of the defendant as well as the need to impose a sentence that reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense while at the same time avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

### a.  The History and Characteristics of the Defendant.

Mr. Welch is 33 years old.  Mr. Welch was raised in North Minneapolis by a young single mother who struggled with excessive drug and alcohol use.  PSR ¶¶ 118, 119.  He has never had a relationship with his biological father.  *Id.*  His family moved frequently making it challenging for Mr. Welch to develop long term

relationships or connections with role models. *Id.* At seven years old Mr. Welch and his younger brother were placed at St. Joseph's Home for Children and then a series of foster homes. PSR ¶ 120. The boys moved between homes, the longest placements being 18 months. *Id.* Mr. Welch did not sustain a relationship with any of the placement families. *Id.* When Mr. Welch was 9 years old, the boys were returned to their mother's care. *Id.* That same year his mother met and married Mr. Welch's stepfather. PSR ¶ 121. Mr. Welch's stepfather taught him the basics of how to be a man and carry himself. *Id.* His mother's marriage ended when Mr. Welch was 16 or 17 years old. *Id.* Mr. Welch's contact with his stepfather since the divorce has been irregular. *Id.*

Throughout his unstable childhood, Mr. Welch was exposed to violence, drugs, prostitution, and gangs in his communities. PSR ¶ 121. He regularly got into physical fights at school and in the neighborhood. PSR ¶¶ 121, 146. Mr. Welch was first introduced to alcohol and marijuana at age 12 through older peers. PSR ¶ 139-140. Mr. Welch's first interactions with law enforcement began shortly thereafter. Mr. Welch was placed at Woodhills Regional Treatment Center at age 15 and served his first term of incarceration at age 16. PSR ¶¶ 43, 121, 146.

Mr. Welch suffers from untreated post-traumatic stress disorder from violent incidents. Mr. Welch has been shot three different times and witnessed the death or four close friends from violent circumstances. PSR ¶¶ 130, 134. Mr. Welch has

suffered from migraines, seizures, panic attacks, and anxiety. PSR ¶¶ 128, 129, 134, 136.  Mr. Welch has utilized marijuana to self-medicate these untreated conditions. PSR ¶ 134.

Despite these challenging circumstances and bad decisions in his past, Mr. Welch has made great contributions to his family and community.  Mr. Welch maintains close relationships with his mother and younger brother.  Mr. Welch is a devoted father figure to his children, stepchildren, and youth in his community.  PSR ¶¶ 124, 125.  Mr. Welch is an active member of and a youth ministry leader at New Salem Baptist Church.  Mr. Welch volunteers significant time serving as a youth advocate, speaking to and mentoring children in his community, and working to mediate community conflicts.   Numerous letters from family, friends, and community leaders have been submitted to the Court.  These community leaders speak to the meaningful impact that Mr. Welch has had on so many children's lives. As one parent writes, Mr. Welch lives his belief that "it takes a village to raise a child."  In addition to working with community activists, Mr. Welch and his wife founded and run the non-profit A Guardian Angel Project to provide support to children in their community.

While Mr. Welch has made bad decisions in the past that resulted in prior state court charges, since that time, Mr. Welch has redirected his life and made significant changes to better himself.  In 2016, Mr. Welch pursued his goal of owning a small

business.  He worked with community advocates to develop a business plan and incorporated his business Smoke & Gadgets.  PSR ¶ 150.  He was operating this small business up until his arrest.

A downward variance would appropriately recognize Mr. Welch's difficult childhood circumstances, his untreated and unresolved mental and emotional trauma, and Mr. Welch's significant and meaningful contributions to his community.

### b.    The Nature of the Offense

This case is based upon Mr. Welch's presence at a third party's home on March 27, 2017.  The police executed a search warrant at the residence and found guns present in a closed laundry room closet of the third party's home.  The female homeowner and three men, including the homeowner's cousin, were in the home at the time the search warrant was executed.  However, Mr. Welch was the only one charged.  Mr. Welch maintains that he is not guilty of possessing the firearms found in the residence.  He entered a plea of not guilty and exercised his right to a trial by jury.  The jury found him guilty of being a felon in possession of a Ruger .22 caliber semi-automatic pistol.

### c.    Sentencing Objectives

This will be Mr. Welch's first incarceration in federal prison.  His longest previous state sentence was 60 months.  PSR ¶ 68.  If the Court finds that Mr. Welch's prior convictions for First Degree Aggravated Robbery and Second Degree

14

Assault qualify as predicate ACCA offenses and overrules Mr. Welch's guideline objections, the guidelines drive his advisory guideline range to 262 to 327 months— a range unnecessarily high and greater than necessary to achieve the 3553(a) objectives. The average sentence for a defendant subject to the ACCA mandatory minimum penalty is 198 months. Quick Facts Mandatory Minimum Penalties, United States Sentencing Commission 2016, available at www.ussc.gov/research/quick-facts. This case does not merit a sentence five years longer than an average ACCA sentence. A downward variance is appropriate to avoid unwarranted sentencing disparities among defendants found guilty of felon in possession - armed career criminal.

A sentence of 70 months, as Mr. Welch submits is the proper guideline range, or 180 months if the Court determines that the ACCA sentencing enhancement applies, is a lengthy sentence more than sufficient to accomplish the goals of sentencing.

DMNORTH #6621746 v1

## CONCLUSION

For the above reasons, Mr. Welch requests that the Court sentence him to a term of 70 months; the low end of the guideline range as calculated by Mr. Welch. If the Court finds that Mr. Welch's prior convictions for First Degree Aggravated Robbery and Second Degree Assault are crimes of violence and predicate offenses for the purposes of the ACCA, Mr. Welch requests that the Court vary downward and sentence him to a term of no more than 180 months.


Dated:  October 4, 2018                    **BALLARD SPAHR LLP**


                                           By:  s/ Gretchen L. Gurstelle
                                                Gretchen L. Gurstelle (#0390007)
                                           80 South Eighth Street
                                           2000 IDS Center
                                           Minneapolis, MN  55402-2119
                                           Telephone:  (612) 371-3211


                                           **ATTORNEYS FOR CHRIS MAURICE WELCH**