**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

                Plaintiff,

v.

Chris Maurice Welch,

                Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 17-251 ADM/HB

_____

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Chris Maurice Welch, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Chris Maurice Welch's ("Welch") Motions for New Trial [Docket Nos. 141, 142].[1] Welch claims he has newly discovered evidence showing Minneapolis Police Officer Jeffrey B. Werner ("Officer Werner") provided false information in a search warrant application and in court testimony when he stated that he obtained Welch's driver's license photo for use in an investigation. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On March 27, 2017, Officer Werner applied to a Hennepin County judge for a search warrant for a North Minneapolis home. In the search warrant application, Officer Werner stated that a reliable Confidential Informant ("CI") told him he had personally witnessed Welch storing guns and selling drugs in the home. Def.'s Mot. [Docket No. 142] Ex. A at 2. Officer Werner

---

[1] The Motions appear to be identical with the exception that the Motion filed as Docket No. 141 is not signed, whereas the Motion filed as Docket No. 142 is signed.

also stated that he corroborated the information by searching Welch's name in the Department of Motor Vehicles ("DMV") website, printing Welch's picture from the website, and showing it to the CI to confirm Welch's identity. Id. Officer Werner further stated that during his surveillance of the identified North Minneapolis residence, he observed a pattern of foot and vehicle traffic consistent with drugs being sold from the home. Id. Officer Werner then stated that this information led him to believe that illegal narcotics were being stored and distributed from the home. Id.

The search warrant application was judicially approved the morning of March 27, 2017. Id. at 4. Also that morning, law enforcement followed Welch from his probation officer's office in St. Paul to the North Minneapolis address. Mot. Hr'g Tr. [Docket No. 32] at 10, 26. Officers executed the search warrant and found four guns and a large amount of synthetic marijuana in the kitchen. Id. at 14–15. Welch was found and arrested in a bedroom with two other men present. Id. at 11–12. In the bedroom with the three men were three cell phones, all which had been broken in half. Id. at 12. DNA on one of the recovered guns was later revealed to be consistent with Welch's DNA. Trial Tr. Vol. II [Docket No. 107] at 192–94, 213–14.

Welch initially moved to suppress the fruits of the search warrant. See Def.'s Mot. Suppress [Docket No. 22] (challenging search warrant); Def.'s Mot. Franks Hearing [Docket No. 24] (same). However, Welch later withdrew his challenge to the search warrant because he was not a resident or overnight guest of the home and thus lacked a reasonable expectation of privacy in the residence. See Minnesota v. Carter, 525 U.S. 83, 90 (1998) ("[A]n overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not."); Mot. Hr'g Tr. at 3–4 (withdrawing challenges to

2

search warrant); Trial Tr. Vol. II at 257 (defense counsel stating, "If he were an overnight guest, I would have challenged the warrant . . . ."). Welch's defense at trial was that he was a casual visitor to the home and had no connection to the guns or drugs found there. Trial Tr. Vol. I [Docket No. 106] at 52.

On March 6, 2018, after a two day trial, a jury found Welch guilty of being a felon in possession of a firearm. Verdict [Docket No. 78]. Welch was sentenced to 204 months imprisonment. Sentencing J. [Docket No. 127] at 2. Welch appealed his conviction and sentence on November 21, 2018. Notice Appeal [Docket No. 132]. His appeal remains pending.

On February 5, 2019, Welch filed this Motion for a new trial. He contends that in December 2018 he asked the DMV to provide him with a report identifying the dates his name was searched in the DMV database. The DMV provided a report showing Welch's name had not been accessed during March 2017. Welch then requested a similar report from the Bureau of Criminal Apprehension ("BCA"). The BCA provided a January 2019 report showing Welch's drivers license information was not searched between 2:20 p.m. on March 15, 2017 and 11:40 p.m. on March 26, 2017.

Welch argues the reports show Officer Werner lied when he stated that he used Welch's photo from the DMV website to confirm Welch's identity with the CI and to conduct surveillance on the North Minneapolis home, because Officer Werner testified at trial that he conducted surveillance on the home on March 24, 2017, yet Welch's photo was not retrieved until late on the night of March 26. Welch contends the record shows "Officer Werner [n]ever used the DMV or BCA websites." Def.'s Mot. [Docket No. 142] at 12. Welch also argues the evidence raises a question of whether Officer Werner "acted in bad faith by exclusively pursuing

3

[Welch] as a suspect, since Officer Werner recklessly and intentionally manipulated exculpatory documents to obtain a warrant." Id. Welch contends that the allegedly false statements were a "key component" to the issuance of the search warrant and the justification for his arrest, and that Officer Werner's conduct violated his Sixth Amendment right to a fair trial and his Fourth Amendment right to substantive due process. Id. at 1–2.

The Government opposes the Motion, arguing Welch waived his right to challenge the search warrant by denying he had standing as a mere visitor of the residence. The Government also argues Welch's claim that Officer Werner never accessed the DMV or BCA databases is factually incorrect. The Government has submitted a DVS printout for March 2017 showing that Officer Werner, whose user name for the DVS database is "wernerjb", queried the name "Christopher Welch" on March 26, 2017 at 11:05 p.m. See Gov't Mem. Opp'n Mot. [Docket No. 143] Attach. 2 at 1–2. The DVS printout further shows that after narrowing the search to "Chris Welch," Officer Werner searched for "DLPhotoSignature." Id. at 21–26. The Government also argues this Court lacks jurisdiction to grant a new trial while Welch's appeal is pending, and even if the Court had jurisdiction the Motion fails because Welch cannot satisfy the standard for a new trial.

### III. DISCUSSION

Rule 33(a) of the Federal Rules of Criminal Procedure allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33(b)(1) provides that "[i]f an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Here, the Court lacks jurisdiction to grant a new trial because Welch's appeal is pending.

Even if the Court had jurisdiction, justice does not require a new trial because Welch cannot satisfy the standard for receiving a new trial. To obtain a new trial based on newly discovered evidence, a defendant must show: "(1) the evidence was unknown or unavailable at the time of trial; (2) [the defendant] was duly diligent in attempting to uncover the evidence; (3) the newly discovered evidence is material; and (4) the newly discovered evidence is such its emergence probably will result in an acquittal upon retrial." United States v. Meeks, 742 F.3d 838, 840 (8th Cir. 2014).

Welch cannot satisfy the first two elements because the DMV and BCA data was available at the time of trial, yet Welch did not request the reports until considerable time after his trial. Welch argues he was not aware he could obtain the information from the DMV and BCA, but his reply memorandum establishes he could have learned of the information if he had been diligent in contacting the DMV and BCA. See Def.'s Reply Mem. [Docket No. 144] at 4–6 (explaining Welch learned the information was available after his wife called to inquire with the Minneapolis police, DMV, and BCA).

Welch also cannot satisfy the third and fourth elements of the standard for a new trial. Officer Werner's allegedly false statement about obtaining Welch's driver's license photo is not material to whether Welch committed the crime of being a felon in possession of a firearm. See United States v. Sessa, 711 F.3d 316, 322 (2d Cir. 2013) (holding newly discovered evidence of FBI agent's false testimony did not warrant a new trial because the agent's testimony was "entirely immaterial" to the defendant's conviction). Welch's conviction required the government to prove that he has a prior felony conviction, that he knowingly possessed a firearm, and that the firearm affected interstate commerce. See United States v. Williams, 910

F.3d 1084, 1092 (8th Cir. 2018). Officer Werner's alleged misconduct is not relevant to this required showing.[2] Similarly, because the allegedly false statement is not material to Welch's guilt, the evidence would not result in acquittal on retrial. See Sessa, 711 F.3d at 322 (holding new trial not justified where "[t]here simply was no reasonable likelihood that the [FBI agent's] false testimony could have affected the judgment of the jury") (internal quotations omitted).

Thus, even if the Court had jurisdiction to grant a new trial, a new trial is not justified.

---

[2] Although the evidence is arguably material to the probable cause supporting the search warrant, Welch chose not to challenge the search warrant because he would have been required to show a privacy interest in the North Minneapolis home. Such a showing would have contradicted his defense that he had no connection to the home and was merely a casual visitor. Thus, Welch lacks standing to challenge the search of the home. See Carter, 525 U.S. at 90 ("[A]n overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not.").

Additionally, the evidence is not material to the probable cause supporting Welch's arrest. Welch was arrested because: a reliable CI told officers that Welch was using the home to store guns and sell drugs; law enforcement witnessed vehicle and foot traffic to the home consistent with drugs being sold there; four guns and a large amount of marijuana were found in the home; and Welch was one of three men found in a bedroom with three destroyed cell phones. See Mem. Op. Order [Docket No. 48] at 6–7. As this Court has previously ruled, these circumstances provided ample probable cause for the officers to believe that Welch had committed or was committing a crime. Id.; United States v. Wajda, 810 F.2d 754, 758 (8th Cir. 1987) ("Probable cause exists to make a warrantless arrest when, at the moment of the arrest, the collective knowledge of the officers involved was sufficient to warrant a prudent [person] in believing that the defendant had committed or was committing an offense.") (internal quotations and citations omitted). Officer Werner's allegedly false statement about obtaining Welch's driver's license photo does not alter these circumstances or change this conclusion.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Chris Maurice Welch's Motions for New Trial [Docket Nod. 141, 142] are **DENIED.**

BY THE COURT:


  s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 18, 2019.