# UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

RECEIVED NOV 22 2021 CLERK, U.S. DISTRICT COURT MINNEAPOLIS, MINNESOTA

United States of America
(Plaintiff.)

Vs.　　　　　　　　　　　Case No. 17-251

Chris Maurice Welch
(Defendant)

### Memorandum of Law

☒**In Support of** or ☐**In Opposition to**
(Check "In Support of" if you are filing the motion and "In Opposition to" if you are opposing the Motion that was filed.)

**Motion 2255**

(Name of Motion filed)

Provide below an explanation of why the Motion should be granted or denied. Your explanation should be provided in consecutively numbered paragraphs. If you run out of space, you may attach additional sheets of paper and continue to number your paragraphs.

1. *(Defendant argument)* Chris Maurice Welch hereby argues that his trial counsel was

1


SCANNED NOV 23 2021 U.S. DISTRICT COURT MPLS

ineffective because counsel failed to (1) Fully investigate the police reports, file appropriate motions, and petition the courts for necessary evidentiary hearings. (2) Subpoena witnesses who had Exculpatory Testimonies in Welch's defense, (3) Properly cross-examine forensic experts regarding DNA cross contamination and cross-examine police witnesses regarding the mishandling of evidence. (4) failure to impeach witnesses for the prosecutor when the defense had witnesses who could provide material facts that would prove the opposing witnesses' testimonies were untruthful. Welch argues that his counsel also erred by not properly contesting the validity of the search warrant. Lastly, Welch argues that counsel as a whole deprived him of a fair trial.

2. *(Court Rulings)* Effective representation is my Sixth Amendment Right, the law states that "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." Bass v. United States, 655 F.3d 758, 760 (8th Cir. 2011) (internal quotation omitted). "Strickland sets a 'high bar' for unreasonable assistance. "Love, 949 F.3d at 410 (quoting Buck v. Davis, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. Id. (internal quotation omitted) "Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is 'a probability sufficient to undermine confidence in the outcome.'" Bass, 655 F.3d at 760 (quoting Strickland, 446 U.S. at 694).

3. *(Defendant argument)* Chris Maurice Welch argues that an evidentiary hearing and a new trial

should be granted, based on "Newly Discovered Evidence." discovered after trial. (Please see

2

"Memorandum attachment" statement of how Kia Barnes obtained newly discovered evidence.) Evidence provided by the Bureau of Criminal Apprehension, that would prove misconduct throughout the complete duration of the investigation and leading up to the conviction of Welch. Newly Discovered Evidence should be accepted because The BCA has provided proof that, (1) the lead detective (Officer Jeffrey Werner) provided false and misleading information under oath on the affidavit application when applying for the search warrant. (2) Officer Jeffrey Werner committed perjury during the motions hearing and as a result, the hearing was ruled in the Government's favor. (3) Officer Jerrfrey Werner and other witnesses (Officer Andrew Schroeder) Committed perjury during trial, which prejudiced Welch; and deprived the Welch of a fair trial.

4. *(Court Rulings)* "a new trial will be granted only if the evidence was not discovered until after the trial; there was no lack of diligence by the movant; and the new evidence is material, more than merely cumulative or impeaching, and likely to produce an acquittal if a new trial is granted." See United States v. L'Donna, 179 F.3d 626, 629 (8th Cir.1999). In determining whether to grant a motion for a new trial on the ground the verdict is contrary to the weight of the evidence, "[t]he district court need not view the evidence in the light most favorable to the verdict: it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." United States v. Walker, 393 F.3d 842, 847 (8th Cir.2005) (quoting United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir.1980)). If, after doing so, the court determines "the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial and submit the issues for determination by another jury." Id. at 847-48. A witness commits perjury "if she gives false testimony concerning a material

matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The above behavior from law enforcement is prohibited in The MPD policy and procedure manual (under the code of conduct) which states,

(1) 5. 5-101.01 Truthfulness- MPD employees shall not willfully or knowingly make an untruthful statement or knowingly omit pertinent information in the presence of any supervisor, intended for the information of any supervisor, or before any court or hearing. Officers shall not make any false statements to justify a criminal or traffic charge or seek to unlawfully influence the outcome of any investigation. (2) (12/14/07) 5-107 Procedural Code of Conduct 5. Employees

shall not willfully misrepresent any matter, sign any false statement, or report, or commit perjury

before any court, grand jury or judicial hearing.

5.*(Defendant argument)* Errors of Law- Welch argues that the district court erred by allowing the prosecutor to introduce evidence from unsupported, unproven allegations of an uncharged/or convicted case. Welch argues that he has never been charged or convicted of "Fleeing a peace officer" involving Officer Jeffrey Werner in a "BMW" as described during trial. Welch also argues that the district court erred by allowing the prosecutor to call Officer Schroeder to testify, even though the prosecutor and the trial Judge were aware that the defense planned to call a witness (with video footage/proof) that would deem the Government's witness' testimony untruthful. By allowing the prosecutor to introduce unsupported allegations to establish the defendant's motive for the trial case and call witnesses to testify untruthfully created prejudice for the defendant, which subsequently deprived Welch of a fair trial. For that matter Welch assets that use of witness and the unchanged case was improper and falls within

4

the scope of the two-part test to analyze whether reversible prosecutorial misconduct exists.

6. *(Court Rulings)* "The two-part test to analyze whether reversible prosecutorial misconduct exist (1) whether the prosecutor's conduct was improper, and (2) whether such conduct prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Conrad, 320 F.3d 851, 855 (8th Cir.2003). The prejudicial effect of prosecutorial misconduct can be supported if the determination is weighed by "(1) the cumulative effect of such misconduct; (2) the strength of the properly admitted evidence of the defendant's guilt; and (3) the curative actions taken by the court." Id. (quoting United States v. Hernandez, 779 F.2d 456, 460 (8th Cir.1985)).

7. *(Defendant argument)* Welch further argues the district court abused its discretion by failing to order the government to disclose the identity of its confidential informant. During the motion hearing, on cross-examination, Officer Werner gave an account of his interaction with the alleged CRI misidentification of Welch. Had the motion disclosing the informant been granted, facts would have revealed that no such informant existed however an evidentiary hearing regarding the validity of Officer Werner's investigation and full disclosure of Officer Werner's complete files as it pertains to the case with Welch is necessary

8. *(Court Rulings)* "The defendant bears the burden of demonstrating the need for disclosure and the court must weigh the defendant's right to the information against the government's privilege to withhold the identity of its confidential informants. Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957).

9.*(Defendant argument)* New Trial/Fruits from a poisonous Tree- Welch argues that the district court erred by failing to grant "Motion for a new trial based on newly discovered evidence" because it detailed proof of misconduct, prejudice, abuse of authority by Law enforcement, Perjury and Fruits of a poisonous tree. Welch also argues that his conviction should be overturned because the prosecutor failed to disclose material exculpatory evidence to him as required by Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). Welch argues that the "fruit of the poisonous tree" doctrine, that is an offspring of the Exclusionary Rule is the main factor in Welch's case. The exclusionary rule mandates and states that "evidence obtained from an illegal arrest and unreasonable search must be excluded from trial." When Officer Werner falsified information on an affidavit application to obtain a warrant for Welch's arrest and testified twice under oath of the falsified information; it violated Welch's right to Due Process. Welch argues that before an arrest warrant is issued, the Fourth Amendment

requires a truthful factual showing in the affidavit used to establish probable cause. Because "the Constitution prohibits an officer from making perjurious or recklessly false statements in support of a warrant. Welch argues that everything obtained in the search and seizure should classify as "Fruits from a poisonous tree". Welch further argues that removing the falsified information, such as a CRI accusing Welch of concealing firearms and drugs at the location (which triggered the investigation), officer Jeffrey Werner untruthful account of conducting a surveillance where he observed activity that correlates with drug activity, absent of the aforementioned claims in the warrant affidavit: the warrant is absent of a fair probability that evidence of crime would be in the home and the remaining contents are insufficient to establish probable cause. For the above reasons, Welch requests his judgment for conviction be set aside, an

6

evidentiary hearing is scheduled and requests a new trial.

10. *(Court Rulings)* new trial based on newly discovered evidence under Fed. R. Crim. P. 33 may prevail only if he demonstrates that the evidence "probably will result in an acquittal" on retrial — even if the evidence bears on the integrity of the first trial rather than the defendant's innocence. United States v. Agurs, 427 U.S. 97 (1976), this Court's ruling in United States v. LaFuente, 991 F.2d 1406 (8th Cir. 1993), When a defendant presents newly discovered evidence, Rule 33 empowers the district court to grant a retrial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). " '[An evidentiary] hearing must be granted when the facts alleged in the motion would justify relief, if true....' " United States v. Peltier, 731 F.2d 550, 554 (8th Cir.1984) (per curiam) (quoting Smith v. United States, 635 F.2d 693, 696 (8th Cir.1980) A warrant based upon an affidavit containing "deliberate falsehood" or "reckless disregard for the truth" violates the Fourth Amendment. Franks, 438 U.S. at 171, 98 S.Ct. at 2684. The reviewing court must then determine whether, either absent the false material or supplemented with the omitted material, the affidavit's remaining contents are sufficient to establish probable cause. See Franks, 438 U.S. at 156, 98 S.Ct. at 2676-77; United States v. Falls, 34 F.3d 674, 681 (8th Cir.1994). If the remaining contents are insufficient to establish probable cause, the warrant must be voided and the evidence or statements gathered pursuant to it excluded. Falls, 34 F.3d at 681. Mere negligence or innocent mistake is insufficient to void a warrant. Franks, 438 U.S. at 171, 98 S.Ct. at 2684; United States v. Parsons, 585 F.2d 941, 942 (8th Cir.1978),

cert. denied, 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979).

13.*(Defendant argument)* Relief/permission to file an untimely habeas corpus 2255 motion- Welch argues that his motion should be "timely" since Welch was placed at Pekin FCI prison (in Pekin Illinois) in January of 2019 where he was expected to complete his convicted sentence and all his case information was transported with Welch. Prior to the Court of appeals affirming Welch's Conviction (in April on 2020) Welch was placed on writ and extradited back to Minnesota on separate charges. Welch was extradited back to Minnesota in August of 2019. Welch did not have access to any case specific files, records, discovery, or any other material to help petition the courts for relief. Welch's attorney also withdrew herself from his case at the conclusion of the judgement becoming final. Attorney Gurstelle explained to Welch's Ex-wife during their final interaction, that since Welch was impeded of the ability to file timely habeas Corpus motion "The filing time pauses, until Welch regains the ability to file the Habeas Corpus motion (will all files and records available) or once Welch returns to FCI Pekin Prison" Further stating that "There is a column at the bottom of the motion that allows movants to state the reason an untimely motion should be considered, and all Welch would have to indicate is that all Welch's files and discovery were not available to him, and the motion would be granted in Welch's favor". Welch made multiple attempts to contact Attorney Gurstelle for clarification but was unsuccessful. Welch asserts that lack of access to his discovery, material to argue his case, attorney assistance, access to law libraries and software to assist with creating the habeas corpus 2255; should excuse Welch from not acting more promptly and that he had filed the state petition as soon as he returned to Pekin *FCI prison*, where he regained access to his case

8

information, files, records, exhibits, material, and software to assist with filing the motion. During the time Welch was unable to file the habeas Corpus, Welch sought help from various entities and organizations to challenge his conviction (The innocence project and the conviction review unit). Welch asserts that he attempted to retrieve case information by contacting Attorney Gurstelle's office to request his discovery, and was finally informed that Attorney Gurstelle was no longer practicing at Ballard and Spahr. Welch attempted to contact the public defender's office that attorney Shannon Elkins is employed at but was unsuccessful Finally, Welch petitioned the district court and requested the trial Judge to order the prosecutor to release the case information to adhere to the innocence project request to apply for assistance, but Welch's motion was denied and Welch was directed by Honorable Ann D Montgomery to complete a habeas Corpus motion. Welch's only option at that point was to wait until he returned to FCI Pekin Prison in Illinois where Welch's case information was at; to challenge his conviction since He was unable to complete the 2255 from the Hennepin County Adult Detention Center. Welch argues that he exercised a substantial level of "Reasonable Diligence" regarding the issue

14. *(Court Rulings)* The law states that A 1-year period of limitation shall apply to a motion under the habeas corpus 2255 section. The limitation period shall run from the latest of— the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed if the movant was prevented from making a motion by such governmental action; (section F #2). "Reasonable diligence" in this case. See, e.g., Anjulo-Lopez v. United States, 541 F.3d 814, 819 (8th Cir. 2008) The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

9

timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (applicable to section 2254 petitions); see also United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions). We review this claim de novo. See Martin, 408 F.3d at 1093.

Signed on 11/07/2021

Signature of Party Chris Welch

Mailing Address <u>FCI PEKIN CORRECTIONAL INSTITUTION: P.O BOX 5000 PEKIN ILLINOIS 61555.</u>

<u>Note</u>: All parties filing the Memorandum of Law must date and sign the Memorandum and provide his/her mailing address and telephone number. Attach additional sheets of paper as necessary. The Memorandum of Law must be served on each party, together with the Notice of Hearing, Motion and other accompanying documents, if any.