UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

     Plaintiff,

v.

Chris Maurice Welch,

     Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 17-251 ADM/HB
Civil No. 21-2551 ADM

Lisa D. Kirkpatrick, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Chris Maurice Welch, pro se.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Chris Maurice Welch's ("Welch") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 153] and Plaintiff United States of America's (the "Government") Motion to Dismiss Defendant's § 2255 Motion [Docket No. 158].[1]  For the reasons set forth below, Welch's Motion is denied and the Government's Motion is granted.

## II. BACKGROUND

On March 6, 2018, after a two day trial, a jury found Welch guilty of being a felon in possession of a firearm.  Verdict [Docket No. 78].  Welch was sentenced to 204 months imprisonment.  Sentencing J. [Docket No. 127] at 2.

Welch appealed his conviction and sentence on November 21, 2018.  Notice Appeal [Docket No. 132].  In February 2019, while his appeal was pending, Welch filed a pro se motion

---

[1] All citations are to the criminal case docket.

y

for a new trial [Docket Nos. 141, 142] in this Court.  The Court denied the motion for a new trial on April 18, 2019.  Mem. Op. Order [Docket No. 145].

On February 27, 2020, the Eighth Circuit affirmed Welch's conviction and sentence. United States v. Welch, 951 F.3d 901 (8th Cir. 2020).  Welch's petition for rehearing and rehearing en banc was denied on April 20, 2020.  Id.  Welch had 90 days from the date of the denial of the rehearing to file a petition for writ of certiorari.  See S. Ct. R. 13.1, 13.3.  He did not do so, and his judgment became final on July 20, 2020, the date the time expired for filing a petition for certiorari.  See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

On August 18, 2021, more than a year after his judgment became final, Welch filed a letter [Docket No. 151] claiming that his trial and appellate attorneys had provided him with ineffective assistance.  He further stated that wanted to present arguments challenging the DNA evidence that was used in his prosecution, and alleged perjury by prosecution witnesses. Welch requested leave to obtain documents and asked that an attorney be appointed to represent him. The Court denied Welch's request without prejudice, noting that the case had "seen no significant activity since April 2020," and that if Welch wanted to challenge his conviction he must do so through a motion under the Federal Rules of Criminal Procedure or under 28 U.S.C. § 2255.  Order [Docket No. 152] at 2.  The Court offered no view about whether Welch's challenge to the judgment would be successful.  Id. at 3, n.3.

On November 22, 2021, sixteen months after his judgment became final, Welch filed this § 2255 Motion. The Government has filed a motion to dismiss Welch's § 2255 Motion, arguing it is barred by the 1-year statute of limitations in § 2255(f).

Welch argues that the deadline for filing his § 2255 Motion should be equitably tolled because in August 2019, he was transferred on a writ from FCI-Pekin in Illinois to Hennepin County Jail in Minnesota, where he remained until October 2021. See § 2255 Mot. at 9; Mem. Supp. § 2255 Mot. [Docket No. 154] at 8-9.[2] Welch claims that he did not have access to a law library or legal materials at the Hennepin County Jail, and could not access his case materials because they were stored at FCI-Pekin. Id. Welch claims that he made several attempts to contact his former attorneys to obtain his case materials but was unsuccessful. Mem. Supp. § 2255 Mot. at 9.

### III.  DISCUSSION

**A.  Section 2255 Standard**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice. See Poor Thunder v. United States, 810 F.2d 817, 821–22 (8th Cir. 1987).

---

[2] Page citations are to the page number in the CM/ECF banner at the top of the page.

**B. Timeliness**

Section 2255 includes a one-year statute of limitations provision that runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Welch does not contend that any of the events in subsections (2) through (4) apply to his case. Therefore, he was required to file his § 2255 Motion within one year from the date his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Because Welch's Judgment became final on July 20, 2020, the deadline for Welch to file a § 2255 motion expired on July 20, 2021. Accordingly, his Motion is untimely unless equitable tolling applies.

Equitable tolling will apply to § 2255 motions only where "extraordinary circumstances beyond a prisoner's control prevent timely filing." United States v. Martin, 408 F.3d 1089, 1092-93 (8th Cir. 2005) (internal quotation marks omitted). To invoke the doctrine of equitable tolling, a prisoner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Deroo v. United States, 709 F.3d 1242,

1246 (8th Cir. 2013).  Equitable tolling is "an exceedingly narrow window of relief."  <u>Jihad v. Hvass</u>, 267 F.3d 803, 805 (8th Cir. 2001).

Welch is not entitled to equitable tolling because he has not shown that he has been pursuing his rights diligently.  Welch claims that he attempted to contact his former attorneys to retrieve his case information, but he provides no evidence such as email communications or correspondence documenting his efforts during the one-year filing period from July 20, 2020 to July 20, 2021.  Nor does Welch provide details about the number of times he tried to contact the attorneys, the dates the efforts were made, or the manner in which he tried to contact them.  Additionally, Welch does not claim that he lacked access to writing equipment, or that he was prohibited from contacting the Court while in the Hennepin County Jail.  <u>See</u> <u>Muhammad v. United States</u>, 735 F.3d 812, 815 (8th Cir. 2013) (holding equitable tolling did not apply for prisoner who was denied access to his personal and legal materials and to the prison law library, because prisoner had access to paper and "writing implements" and did not claim he was prohibited from contacting the court).  Indeed, he was able to send a letter to the Court while he was housed at the Hennepin County Jail, but waited to do so until a month after his filing deadline had passed.  Welch's § 2255 Motion lacks any showing that he diligently pursued his rights from July 20, 2020 to July 20, 2021.

Welch claims that extraordinary circumstances stood in his way of filing his § 2255 Motion because he did not have access to a law library while in Hennepin County Jail.  However, the Eighth Circuit has repeatedly held that equitable tolling is not proper where an unrepresented prisoner claims lack of legal resources.  <u>See</u> <u>id.</u> (finding lack of access to law library did not warrant equitable tolling); <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir.

2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.").

Prison transfers also are not typically grounds for equitable tolling, even when the transfer limits a prisoner's access to their legal documents.  See United States v. Cooper, 891 F. Supp. 2d 1071, 1075 (D. Neb. 2012) ("Simply being transferred from prison to prison is not enough to toll the limitations period.") (citing Anjulo–Lopez v. United States, 541 F.3d 814, 818-19 (8th Cir. 2008)); United States v. Sanchez-Garcia, No. 8:03CR505, 2009 WL 297003, at *2 (D. Neb. Feb. 5, 2009) (holding that prison transfers, lack of access to a law library, and lost legal documents "parallel the common obstacles most petitioners face in filing their § 2255 Motions" and as such do not constitute "extraordinary circumstances").

Because Welch has failed to show circumstances warranting the "exceedingly narrow window of relief" for equitable tolling, his § 2255 Motion is time-barred.  Jihad, 267 F.3d at 805.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised by this § 2255 Motion differently, or that any of the issues raised by Welch's Motion would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Chris Maurice Welch's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 153] is **DENIED**; and

2. Plaintiff United States of America's Motion to Dismiss Defendant's 2255 Motion [Docket No. 158] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  March 2, 2022