UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

            Plaintiff,            **ORDER**
v.                                   Criminal No. 17-251 ADM/HB

Chris Maurice Welch,

            Defendant.

_____

Chris Maurice Welch, pro se.

_____

This matter is before the undersigned United States District Judge for a ruling on Defendant Chris Maurice Welch's ("Welch") Motion Under Federal Rule of Civil Procedure 59(e) [Docket No. 165].  Welch asks the Court to reconsider its March 2, 2022 Memorandum Opinion and Order ("Order") [Docket No. 162].  In the Order, the Court denied Welch's Motion Under 28 U.S.C. § 2255 [Docket No. 153] as untimely, and granted the Government's Motion to Dismiss the § 2255 Motion [Docket No. 158].  Judgment [Docket No. 163] was entered on March 3, 2022.

Welch now asks the Court to reconsider its Order denying his § 2255 Motion.  He states that on February 5, 2022, he used the prison mailbox to mail a motion to amend his § 2255 Motion.  Welch contends that the Court denied the § 2255 Motion on March 2, 2022, before ruling on the motion to amend.  The docket in this case shows that no motion to amend was received or docketed by this Court.[1]

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quotation marks omitted).  "Such motions cannot be used to introduce new

---

[1] An Exhibit filed by Welch on April 13, 2022 in support of his Rule 59(e) Motion includes a copy of the motion to amend that was purportedly mailed on February 5, 2022. Exhibit [Docket No. 167].

evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. (quoting Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)).  Courts have "broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." Id.  Parties are granted relief under Rule 59(e) only in "extraordinary" circumstances. United States v. Young, 806 F.2d 805, 806 (8th Cir. 1987).

No manifest error occurred here because no motion to amend had been received or docketed by this Court at the time the Court denied Welch's § 2255 Motion.  Indeed, although Welch avers that he mailed the motion to amend on February 5, 2022, it was not received by this Court.  Additionally, no extraordinary circumstances exist that would warrant relief under Rule 59(e).  The briefing on Welch's § 2255 Motion and the Government's Motion to Dismiss concluded on January 20, 2022, the day that Welch's reply brief was filed.  See Order [Docket No. 156] (setting briefing schedule); Def.'s Reply [Docket No. 161].  Welch does not explain why he waited until two weeks after the close of briefing to mail his purported motion to amend.  A defendant's untimely effort to amend an untimely § 2255 Motion is not extraordinary.

Accordingly, **IT IS HEREBY ORDERED** that Welch's Rule 59(e) Motion is **DENIED**.

BY THE COURT:

   s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT COURT

Dated:  April 19, 2022