IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

CHRIS M. WELCH,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Motion Pursuant To Fed. R. Civ. P. 60(b) to reopen Petitioner's §2255 Petition.

    Comes now the Petitioner, Chris Welch, (Welch or Petitioner from hereonout) pro se, seeking to file this Motion under Federal Rules of Civil Procedures 60(b) to reopen the judgment of his §2255 petition.

    Petitioner asserts the following grounds as the basis for reopening his §2255 motion:

1). When the Court denied his Petition, the Court overlooked that the Petitioner was relying on §2255 (f)(2) to support that his §2255 was timely. This Court explicitly stated it was only considering §2255 (f)(1).

2). Petitioner submitted before the Court denied his §2255 a Motion to Amend. The Court identified that it never received the amended §2255. Thus, under the Prison mail box rule, this Court should reopen Petitioner's §2255 to consider his amended petition.

Procedural History

    On September 27, 2017, the Petitioner was charged by indictment with being a Felon In Possession of a Firearm. And Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g) and 924 (e)(1). Doc. No.1.

    On March 6, 2018, after a two day trial, a jury found Mr. Welch guilty of being a felon in possession. He was sentenced to 204 months imprisonment.



Petitioner appealed his conviction and sentence on November 21, 2018.

While that appeal was pending, on February 5, 2019, Mr. Welch filed a Motion for New trial under Fed. R. Crim. P. 33. This Court denied the motion without hearing on April 18, 2019.

On February 27, 2020, the Eighth Circuit denied his Direct Appeal. He did not file a Writ of Certiorari.

On November 22, 2021, Petitioner filed his §2255. This Court denied the Petition on March 2, 2022 as untimely.

Petitioner filed a timely Fed. R. Civ. P. 59(e). This Court denied the Motion on April 19, 2022.

PEtitioner timely filed his Notice Of Appeal and request for a COA.

Mr. Welch now request the reopening of his §2255 Petition under Fed. R. Civ. P. 60(b).

## Background

In March of 2017, law enforcement became interested in Mr. Welch. a confidential informant had allegedly provided law enforcement with information that Mr. Welch was storing drugs and weapons at an address on Aldrich Avenue North.

After law enforcement obtained a search warrant for that address, they wanted to wait to execute the search warrant, in hopes of catching Mr. Welch there at the residence. After getting a location on Mr. Welch and tracking him around town, Welch eventually stops at the residence. Law enforcement then executed the search warrant.

During the search of the residence, multiple firearms we're found in a closet in the kitchen. Mr. Welch was however located in a bedroom.

Law enforcement without actually having a DNA result from any of the firearms located in the kitchen, asked Mr. Welch for a sample of his DNA. Welch explained to the officer that they already have

a sample of his DNA in there DAta Base. The officer however insisted they needed a physical sample. Mr. Welch complied.

On September 27, 2017, Mr .Welch was charged by indictment as being a felon in possession of a firearm, by evidence of his DNA was located on one of the firearms.

### Trial

As this case proceeded to trial, the sole evidence against Welch, was his DNA.

The record reflects that as law enforcment entered the home to secure the home, multiple law enforcement official was shown to have physically handled Mr.Welch. Tr. 62, 92, 97-98, including Officer Lipinski. Id at 98.

Lipinski described there process of collecting evidence. And in their process, he described how they put on gloves to preserve any DNA, he never described that they switch them as they collect each piece of evidence. Tr. 98-99.

Forensic Scientist Ms. Elizabeth Hinkley identified amongst other procedures that must be followed to avoid a possible cross contamination, that the gloves must be changed each time a different piece of evidence is handled. Tr. 169-70.

Despite Officer Lipinski testified he was the one to collect the firearms, Tr. 98, he could not identify who placed the firearms on top of other piece of evidence. Tr 99.

Likewise, Officer Werner, who asked for Welch's DNA and who was cataloging the evidence, do not know which officer placed the firearms on the other piece of evidence. Tr 138.

---

Note: Tr identifies Trial Transcripts followed by the pg #

During closing arguments, the Government told the jury to convict Mr. Welch, they could rely heavily on his DNA connecting him to the firearm. Tr. 266, 269, 278-80.

Defense counsel on the other hand told the jury amongst other reason's that the DNA was not reliable, because the method in which it was collected was unreliable. Tr. 278. Defense counsel however, never moved the Court to exclude the DNA evidence before trial on the grounds that the integrity of its collection made the results unreliable.

Mr. Welch was found guilty.

### §2255

Petitioner subsequently sought to submit his §2255 Motion. However, before his direct appeal became final, the Government confiscated all his legal files, to transfer him on a writ to face charges in the State.

Welch informed the Govt. staff that he's in the middle of litigation and he needs his case file. They told him he could not take his legal file with him on transfer. Welch was transfered approximately August of 2019. The Eighth Circuit did not deny his Appeal until February 27, 2020.

Compounding this impediment, Petitioner was sent to Hennepin County Jail. This jail has no Legal library. No legal aid. Thus, he had no reasonable fair opportunity to research and file a viable §2255. Welch was forced to wait until he was returned back to Federal Correctional Institution Pekin.

After returned to Pekin, and obtained his property, he promptly and hastily filed his §2255.

Coming under further restrictions to the law library due to Covid lockdowns, Petitioner attempted to set out several claims of ineffective assistance of counsel and prosecutorial misconduct. Including, counsel was ineffective for mis handling the DNA evidence.

Mr. Welch asked the Court to consider his §2255 timely from the date the Government gave him back his property pursuant to §2255 (f)(2). That provision proscribes that the petition is timely filed from the date the government removed the impediment that interfered with the filing of his §2255. See Filing Docket No. 153 & 154.

The Government opposed the timeliness of the Petition citing to 2255(f)(1). Doc. 158.

Then on May 5, 2021, Petitioner sought to Amend his original Petition under Fed. R .Civ. 15(a). There he sought to include a case law that would supprt his timeliness under the facts of his case. But, even if not, the actual innocent exception would excuse the timeliness of his petition under MCquiggins v. Perkins. (The Court notified thePetitioner it never received an motion to amend.)

The District Court however, misconstrued or was lead by the Government's assertions to consider the petition timeliness under §2255 (f)(1), stating:

> "Welch does not contend that any of the events in subsection (2) through (4) apply to his case. Therefore he was required to file his §2255 motion within one year from the date his judgment of conviction became final. 28 U.S.C. 2255 (f)(1). Because Welch judgment became final on July 20, 2020, the deadline for Welch to file a §2255 motion expired on July 20, 2021..."

This Court then denied the petition as untimely. Doc. 162 pg 6-7.

5

Petitioner then filed a timely RUle 59(e) Doc. 165. This Court denied that Motion on April 19, 2022.

Petitoner now files this Rule 60(b) motion asking this Court to reopen his §2255 Motion to contend with his timelines assertions under §2255(f)(2) and his Amended motion.

### I. THIS COURT SHOULD REOPEN PETITIONER §2255 TO ADDRESS THE OVERLOOKED 2255(f)(2) ARGUMENT

#### A. Legal Authority

Under Federal Rules of Civil Procedures 60(b), a party may move to vacate a judgment pursuant to Fed, R. Civ. P. 60(b). See Fed. R. Civ. P. 60(b). "[T]he court may relieve a party from final judgment for among other reasons, mistake, inadvertance, surprise or excusable neglect." Mif Realty L.P. v. Rochester Assocs., 92 F.3d 752, 755 (8th Cir 1996). The decision to grant or deny a Rule 60(b) Motion is "committed to the sound discretion of the trial court." Id.

A rule 60(b) is considered a proper motion when it attacks the integrity of the federal habeas proceedings themselves. Gonzalez v. Crosby, 545, U.S. 524, 532 (2005). When a petitioner asserts that a court failed to rule on a properly presented claim, the petitioner is properly asserting an attack on the integrity of the federal habeas proceeding. See United States v. Longs, 2014 U.S. Dist. Lexis 94938 (D. Minn., July 7, 2015) citing Peach v. United States, 468 F.3d 1269, 1271 (10th Cir 2006)( contentions of failure to rule on a properly presented claim asserts a defect inthe integrity of a §2255 proceeding...)

What is further cognizable is a judges error of law or fact. See Kemp v. United States, 596, U.S.___ (2022). Overruling Eighth Circuit long time precedent that Rule 60(b) does not cover claims "that the court erred as a matter of law Spinar v. South Dakota, Bd of Regents, 796 F.2d 1060, 1063 (8th Cir 1986).

B. Discussion

In this instant case the Petitioner contends, that, the Court overlooked that he had contended that his petition was timely under §2255(f)(2), created a defect in the proceedings and or applied an error of law or fact to his assertions.

Here, Petitioner directs the Court attention to his assertions that the confiscation of his legal files and being denied access to any law library or legal aid by the Burea of Prisons and Hennepin County Jail was a government impediment. He cites almost verbatim the provision of §2255 (f)(2), as well as cites "Section F#2" See §2255 Mot. at 9; Mem. Supp. §2255 Mot. Doc. No. 154 at 8-10.[1]

As the record reflects, the Court in its Order specifically excluded as part of its consideration, Petitioner's §2255 (f)(2) position, stating;

> "Welch does not contend that any of the events in subsection (2) through (4) apply to his case..." See Doc. 162 pg 4

That was in error.

Had the Court considered the impediment was the cause of government actions, the Court would have to had applied the framework of **Bounds**, to his petition. See Bear v. Fayram, 650 F.3d 1120, 1121 (8th Cir 2011).

---

[1] Petitioner does not have a verified Page Citation that the Court identified as a Cm/ECF banner at the top of the page.

7

There in **Bounds**, the Supreme Court held that "the fundamental constitutional right of access to the court requires prison authorities to assist inmates in the preperation and filing **MEANINGFUL LEGAL PAPERS** by providing prisoners with adequate law libraries or adequate assistance from person trained in the law. "Bounds v. Smith, 430 U.S. 817, 828 (1977). Access may take the form of legal advice from persons trained in the law or law libraries containing the pertinent information, but adequate resources must include (1) " a source of current legal information...so that prisoner could learn whether they have claims at all, as where new court decisions might apply restroactively to invalidate convictions, " Bounds, 430 U.S. 817, 826, n.14; (2) Substantive and procedural information to allow prisoners to file "original action seeking new trials, release from confinement, or vindication of fundamental civil rights" and to " raise heretofore unlitigated issues " in their cases, Bounds, 430, U.S. at 827; (3) procedural information sufficient to enable prisoner to "avoid being thrown out of court" for failure to comply with basic requirements such as the limitation period. Bear, 650 F.3d at 1121, and (4) reasonable access to case files, including "appellate briefs previously written on their behalf, trail transcripts, and often intermediate appellate court opinions to use in prepairing petition for further review," Bounds, 430 u.S. at 827.

Thus, in this instant case, when the Petitioner alleged that his case files was taken from, he was not provided any legal aid about filing a § 2255 motion, had no access to a law library, or any legal resources, his pro se pleadings which is subject to a liberal construction Estell v. Gamble, 429 u.S. 97, 106 (1976), Stone v. Harry, 364 F.3d 912, 915 (8th Cir 2004) , constitutes as an "impediment" cognizable under §2255 (f)(2). Bear,  650 F.3d at

1121, Estremera v. United States, 724 F.3d 773, 776-77 (7th Cir 2013); Egerton v. Cockrell, 334 F.3d 433, 438 (5th Cir 2003), Whalem v. Early, 233 F.3d 1146, 1148 (9th Cir 2000).

In **Bear**, the Eighth Circuit Court of Appeals vacated judgment and remanded to the lower court for "further development of the record to determine whether the state created an impediment that prevented the petitioner from filing a timely federal habeas petition within the meaning of 28 U.S.C. 2244(d)(1)(B) by failing to provide access to the AEDPA limitation period statute.

The Seventh Circuit Court of Appeals followed a similar process in **Estremera,** that Court held that "the absence of library access may be an impediment" in principle [but that] is not necessarily to say that lack of access was an impediment for a given prisoner." 724 F.3d at 777. The **Estremera** Court concluded that an evidentiary hearing would be needed to resolve questions concerning what access the petitioner had at what time, whether the petitioner had sought further access, and whether the unavailability of a law library actually impeded a particular claim. Id.

The Fifth Circuit Court of Appeals in **Eagerton**, which addressed the inadequacy of a law library as a state-created impediment under §2244(d)(1)(B) , 334 F.3d at 436. Section 2244(d)(1)(B) is identical to §2255(f)(2) excepts that it applies to "a person in custody pursuant to the judgment of a state court" Id at 437. In **Egerton**, the Petitioner alleged that he was denied access to a law library containing federal materials, including access to a copy of AEDPA Id. at 435. The Court concluded that "the States failure to make available to a prisoner the AEDPA, which sets forth basic procedural rules the prisoner must follow in order to avoid having his habeas petition

summarily thrown out of court,...is just as much of an impediment as if the State were to take 'affirmative steps' to prevent the petitioner from filing the application. Id at 438. Additionally, "[t]he absence of all federal materials from prison library (without making some alternative arrangements to apprise prisoner of their rights) violateds the First Amendment right, through the Fourteenth Amendment, to access to the courts." Id. Citing Bounds, 430 U.S. at 817.

That Court first remanded the claim and instructed the State to set forth any evidence that the Petitioner had access to a copy of AEDPA Id. at **Egerton,** 334 F.3d at 435. After the State failed to provide any evidence that a copy of AEDPA was available, the Court vacated the district court's dismissal of the petition as time barred. Id at 439.

The results would have been the same in this case, a timely filed petition. Egerton, 334 F.3d at 435. The Government in its response did not provide any evidence of any legitimate penological interest in confiscating Petitioner's legal papers. Goff v. Nix, 113 F.3d 887 (8th Cir 1997) (The taking of an inmates legal papers can be a constitutional violation when it infringes his right of access to the courts....the destruction or withholding of inmates' legal papers burdens a constitutional right, and can only be justified if it is reasonably related to a legitimate penological interes)

Similarily, the Government has not provided any evidence that the Petitioner had access to a copy of the AEDPA when he was taking to Hennipin County Jail. **Bear,** 650 F.3d at 1121; **Estremera,** supra at 777.

10

The GOvernment nor has this Court claimed that the Petitioner set forth frivolous underlying legal claims challenging the constitutionality of his conviction. Hartfield v. Nichols, 511 F.3d 826, 832, (8th Cir 2007).

And last., the Government cannot impose a due diligence requirement after it took affirmative steps to impose the impediment. **Egerton,** 334 F.3d at 438. Simply put, §2255 (f)(2) does notrequire petitioner's to demonstrate due diligence. See Ronrico Simmons , Jr. v. United States 142 S.Ct. 23; 211 L.Ed. 2d 274 (2021)( imposing a diligence requirement for invoking the §2255(f)(2) filing deadline, that requirement appears nowhere in the provision's text.) Thus, the Government was not entitled to summary judgment. It has not carried the burden of showing that there is no genuine dispute of material fact. Anderson v. libery Lobby Inc., 477 U.S. 242, 256, (1986).

But For the Court overlooking Petitioner's §2255(f)(2) position, his petition would have been ruled timely. Therefore this Court should grant the reopening of his §2255 Petition..

II     **THIS COURT SHOULD GRANT THE REOPENING OF HIS §2255 TO CONSIDER HIS ACTUAL INNOCENCE EXCEPTION TO THE TIMELINESS RULE UNDER MCQUIGGINS v. PERKINS; 569 U.S. 383; 386 (2013).**

**A. Discussion**

On February 5th 2022,  Petitioner sought to Amend his original pleadings under Fed Rules Of Civil Procedure 15(a).  "The Federal Rules of Civil Procedure Governs habeas proceedings  unless superseded by the rules governing 2255 cases." Barnett v. Roper, 541 F.3d 804, 807 (8th Cir 2008). A party may amend a pleading once as a matter

11

of course within 21 days after serving it or within 21 days after service of a responsive pleading. Fed. R Civ. P 15(a)(1). Any amendments thereafter require "the opposing party's written consent or the Court's leave." Fed. R. Civ. P. 15(a)(2). This rule applies to amendments to a Section 2255 motion. See UNited States v. Harrison 469 F.3d 1216, 1217 (8th Cir 2006)

As previously presented in Issue I of this motion, Petitioner sought to avail himself of presenting his claims timely under §2255(f)(2)., but in the event the Court determine §2255(f)(2) would be inapplicable, Petitioner asked the Court to use its equitable discretion to excuse the timeliness default under the miscarriage of justice exception identified in McQuiggins v. Perkins, 569 U.S. (2013). In **McQuiggin**, the question arose in the context of 28 U.S.C. 2244(d)(1), the statute of limitations on federal habeas petitions prescribed in the AEDPA. Specifically, if the petitioner does not file her federal habeas petition, at the latest, within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, " §2244(d)(1)(D), can the time bar be overcome by a convincing showing that she committed no crime?

That Court held that, actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, ...as in the case of expiration of the statute of limitation. McQuiggins v. Perkins, 569 U.S. 383; 133 S.Ct. 1924, 1926 (2013).

In the amended petition, it asserted two position's relating to timeliness; (1) despite what the Government is limiting his timeliness arguments to, the Petitioner is asserting his timeliness argument under §2255(f)(2); and (2) He's actually innocent of the charged offense. See Motion To Amend and Amended Motion.

Within that Motion, evidence shows that law enforcement placed Petitioner's DNA on that firearm. Thus, those DNA results were subject to the Federal Rules Of Evidence, 401; 403; and 803(6)(E). Excludable due to the methodology in which it was collected made it unreliable and or the DNA evidence cannot be what the Government claimed it is, when law enforcement is the cause of the DNA being on the firearm. Id.
And that trial counsel's ignorance to those Rules resulted in Mr. Welch being found guilty when no such crime ever occured. Thus, the actual innocence would apply in this case.

However, the Court avers that it never received the Amended Motion. Nonetheless, prisoner's motion's are guided by the "prison mailbox rule to determine when a pro se habeas petition are filed. See e.g. Houston v. Lack, 487 U.S. 266 (1988) ("The pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." ) Therefore, "his notice would be timely if deposited in the prison mail system on or before the last day of filing Id. at 276.

Here, the Amended Motion was dated for February 5, 2022. The Court should consider it filed on that date. **Houston**, 487 U.S. at 276. It also should be noted that the Prison was either on lock down or

modified lockdown due to Covid. And before any ruling had been rendered on his §2255, he attempted to ascertain that his Motion had been filed.

And last, at the time the amended motion was submitted, the Petitioners §2255 was still pending. Petitioner identified that his assertions relates back to his timely §2255. See Fed. R. Civ.P. 15(c). The Court has discretion to consider a request for leave to amend at anytime. See Fed. R. Civ. P. 15(a)(2) ( providing that a "court should freely give leave [to amend] when justice so requires.") Justice would have warranted this Court's discretion. Simply, this Court was being misled to consider the timeliness of the §2255 motion only under the provision's of §2255(f)(1). Petitioner attempted to clarify for the court that his §2255 should be considered under (f)(2). And the record show that this COurt could not ascertain his pleadings cognizable under 2255(f)(2) as this Court only addressed them under (f)(1). In addition to the Petitioner's innocence being at stake as well as the prisons being unprecedented modified due to Covid, it is believed the Court would have used its discretion to allow the amendments or addendums. See United States v. Klinghagen, 2021 U.S. Dist. Lexis 244859 at *3 and *4 (Dist. Minn. 2021).

For all the reasons stated above, this court should grant reopening his §2255 to hear his motion to amend.

## CONCLUSION

Liberally construing Petitioner's pleadings, asserts a defect in the §2255 proceedings. Therefore, Petitioner prays that this court grant him this 60(b) motion and reopen his §2255 proceedings.

Respectfully Submitted By

*Chris Nelch 7/27/22*

14

CERTIFICATE OF SERVICE

I Chris Welch declare that on this 27th day of July 2022, I placed this Fed. R. Civ. P. 60(b) motion in prison officials hands to be mailed with first class postage pre-paid utilizing the prison legal mail system to be mailed to the District Court of Minnesota.

/s/ [signature]  7/27/22
                date