RECEIVED BY MAIL
SEP 06 2022
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

CHRIS M. WELCH
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

Case No. 17-251 ADM/HB

Motion requesting Certificate Of Appealability.

    Comes now the Petitioner, Chris M. Welch, pro se requesting the Court to issue a Certificate Of Appealability, from the denial of his Federal Rule Of Civil Procedure 60(b) Motion denied on 8/ /22.

### Background

    Petitioner, pro se, sought to reopen his §2255 proceeding utilizing Federal Rules Of Civil Procedures 60(b).

    Prior to Petitioner submitting this Rule 60(b) to the District Court, he filed his Notice Of Appeal from this District Court denial of his §2255 and 59(e) motion's, in the Eighth Circuit Court of Appeals.

    This Court however, rejected jurisdiction on the grounds that, because a notice of appeal was filed in appellate court, it divests the district court of control over the case, citing **State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F. 3d 1102, 1106 (8th Cir 199)**.

### Arguable Certificate Ground

    Jurists of reason would find the district courts resolution wrong. Petitioner cites **Hunter v. Underwood**, 362 F.3d 468, 475 (8th Cir 2003) to show that the Court's resolution is wrong.

1

SCANNED
SEP 06 2022
U.S. DISTRICT COURT MPLS

But first, Petitioner point's to a case that has the same exact fact pattern as his, and what that Court determined was that **Rosas**, was required to file his 60(b) motion within a reasonable time of the Court given it's judgment. **Rosas v. United States**, 2011 U.S. Dist Lexis 101869 (Sept. 9, 2011). There in **Rosas**, he filed a Rule 60(b) motion to reopen his §2255. Id at 2.  The question of timeliness of the motion was contested by the Respondent Id at 6-7. That Court began its analysis about the timing stating:

> "...With regard to the timing of such a motion, Rule 60(c)(1) of the Federal Rules of Civil Procedure provides that **"A motion under Rule 60(b) must be made within a reasonable time- and for reasons (1)(2), and (3) no more than a year after the entry of judgment or order or the date of the proceedings."** See Fed .R. Civ. P. 60(c)(1).
>
> It is **Well Established** that the pendency of an appeal does not toll the one year maximum period for filing motions under Rule 60(b) (1)-(3). ...The Reason behind this principle is that such motions "can be made **even** though an appeal has been taken and is pending. A district court may consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending, and a seperate appeal may thereafter be taken to challenge the denial. Citing **Hunter v. Underwood**, 362 F.3d 468, 475 (8th Cir 2004). Id at 8.

After the Court cited that above standard, It went into the facts stating:

> Rosas's Challenge is to my order and Judgment of September 22, 2009, denying his request for relief of 28 U.S.C. 2255. Id at 8
>
> HOwever, ...Rosas's Motion would be untimely if I determined that Rosas's claims are based on mistake, excusable neglect, inadvertance or surprise. If that were the case, Rosas's motion would be untimely because it wan not filed until July 1, 2011, approximately one year and ten months after judgment that his is challenging. Id at 9

2.

There in **Rosas's**, that Court clearly found that the statute of limitation was not tolled due to an appeal being taken. As Confirmed by the 8th Circuit.

It further determined that under 60(c)(1) it is the judgment of the district Court that is being challenged that starts the time limitation as it found Rosas's Motion was file one year and ten months after judgment was entered.

Based on the above clearly the District Court had jurisdictiion to hear the 60(b) motion and the Petitioner ask that this Court grant a COA on :

Whether the district court discretion is in error, in denbying jurisdiction to hear a Fed. R. Civ.P. 60(b) motion, simply because Petitoner had previously filed a notice of appeeal.?

In the alternative, to preserve judicial resources and prevent unnecessary filings, Petitioner welcomes this Court to sua sponte, to relook at its ruling under <u>Hunter v. Underwood</u>, supra. The Eighth Circuit does not share the view that, because an appeal is pending, it divest this Court from entertaining a Rule 60(b) motion. Hunter, 362 F.3d at 425.

Respectfully Submitted,

Chris N[...]

9/1/22

3