# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-CR-251 (ADM/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Chris Maurice Welch, | |
| Defendant. | |

This matter is before the undersigned United States District Judge on Defendant Chris Welch's Motion under 28 U.S.C. § 2255 to Vacate or Correct an Illegal Conviction and or Sentence [Docket No. 209]. For the reasons outlined below, the Court concludes that it lacks jurisdiction over this Motion. Welch's Motion is therefore DENIED.

On March 6, 2018, Welch was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).[1] Verdict [Docket No. 78]. Welch was subsequently sentenced to 204 months imprisonment. Sentencing J. [Docket No. 127] at 2. Welch appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit, and also filed a motion for a new trial in this Court. See Notice of Appeal [Docket No. 132], Pro Se Motion for New Trial [Docket Nos. 141-142].

---

[1] The Court does not endeavor to provide a complete procedural history of Welch's criminal case. The foregoing represents the portion of that history relevant to Welch's pending § 2255 motion.

This Court denied the Motion for a New Trial. Order [Docket No. 145]. The Eighth Circuit affirmed Welch's conviction and sentence. United States v. Welch, 951 F.3d 901 (8th Cir. 2020).

More than one year after his judgment of conviction became final, Welch brought a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 153], largely alleging that his trial and appellate counsel had provided him with ineffective assistance. In that Motion, Welch argued that the deadline for his § 2255 Motion should be equitably tolled because in August 2019, he was transferred on a writ from FCI-Pekin in Illinois to Hennepin County Jail in Minnesota, where he remained until October 2021. See id. at 11. During that time, Welch alleged that he did not have access to a law library or his legal documents and that he had made several efforts to obtain these documents from his attorneys, but those efforts were unsuccessful. Id. Upon finding that Welch was not entitled to equitable tolling because he did not pursue his rights diligently, this Court denied his § 2255 motion. Order [Docket No. 162].

Welch's § 2255 Motion currently before the Court is therefore the second time he has brought a § 2255 motion challenging the same criminal conviction and sentence. Pursuant to § 2255(h), a movant cannot proceed with a "second or successive" § 2255 motion unless that motion is first authorized by the appropriate court of appeals. See United States v. Sellner, 773 F.3d 927, 930 (8th Cir. 2014) (quoting 28 U.S.C. § 2255(h)); see also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the application shall move in the appropriate court of appeals for an order authorizing the district court to

2

consider the application."). Further, "[i]t is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

Here, Welch contends that this motion does not qualify as a "second or successive" § 2255 motion because his claim in his first § 2255 motion—that he was denied access to legal resources and his case materials while incarcerated at the Hennepin County Jail in violation of his constitutional rights—was not "ripe" until this Court rejected that argument and denied his motion. See Motion [Docket No. 209]. Welch claims that since this Court denied his first § 2255 motion, he can now show that being denied access to his legal materials caused him constitutional injury. Id. That argument is unavailing.

"A claim raised in a prior [§ 2254 petition] that was dismissed as unripe is not barred by § 2244(b)." Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) (citing Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998)). This principle applies in equal force to motions brought under § 2255. See, e.g., United States v. Rodriguez, No. 11-CR-205(1) (JRT/LIB), 2015 WL 2373359, at *2-3 (D. Minn. May 18, 2015). In determining whether a claim was ripe at the time of the previous § 2255 motion, courts must be "careful to distinguish genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the [prisoner] merely has some excuse for failing to raise the claim in the initial [motion] . . . ." Id. at *3 (quoting United States v. Obeid, 707 F.3d 898, 902 (7th Cir. 2013)). A claim, therefore, is "unripe

3

at the time of an earlier § 2255 petition if the factual predicate on which the claim is based had not yet occurred." Id.

Here, however, the Court did not dismiss Welch's arguments in his first § 2255 motion as unripe. Rather, the Court considered—and rejected—those arguments on the merits. Order [Docket No. 209]. Further, to the extent that Welch alleges he can now claim constitutional injury from being denied access to his legal materials at the Hennepin County Jail, such allegations do not establish a cognizable claim under § 2255, which allows federal prisoners a limited opportunity to seek postconviction relief on the grounds that "the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Accordingly, Welch's § 2255 Motion currently before the Court is the "second or successive" § 2255 motion within the meaning of § 2255(h). Because Welch has neither sought nor obtained the requisite certification from the Eighth Circuit, Welch's Motion must be denied. See Baranski v. United States, 880 F.3d 951, 955 (8th Cir. 2018) (noting a prisoner cannot evade the requisite certification process by filing a second or "successive § 2255 motion in the district court" (quoting Boykin v. United States, 242 F.3d 373 (per curiam) (unpublished table decision), No. 99-3369, 2000 WL 1610732 at *1 (8th Cir. 2000)).

Finally, because this Court does not believe the basis upon which dismissal is recommended to be fairly debatable, it is further recommended that a certificate of

4

appealability not be issued in this matter.  See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 478 (2000).

## CONCLUSION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that**:**

1. Defendant Chris Welch's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 209] is **DENIED** for lack of jurisdiction; and

2. No certificate of appealability be issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

DATE: November 8, 2023

s/Ann D. Montgomery
Ann D. Montgomery
U.S. District Court Judge